IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| XAVIER BRASWELL | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| SUPERINTENDENT, SCI ALBION, et al. | : | NO. 24-279 |

## ORDER

**AND NOW**, this 10th day of March, 2025, upon careful and independent consideration of Petitioner Xavier Braswell's counseled Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (Docket No. 1), and all documents filed in connection therewith, and after review of United States Magistrate Judge Carol Sandra Moore Wells's Report and Recommendation (Docket No. 18), and consideration of Petitioner's Objections to the Report and Recommendation (Docket No. 19), **IT IS HEREBY ORDERED** that:

1. Petitioner's Objections are **OVERRULED**.[1]

---

[1] In July of 2016, a gunman fired multiple shots into an SUV, killing Shelton Merritt, who was trapped inside. The shooting occurred near the corner of Christopher Columbus Boulevard and Callowhill Street, about two blocks from the River Deck Club in Philadelphia. Petitioner Xavier Braswell was charged as the gunman, and a jury in the Philadelphia Court of Common Pleas found him guilty of first-degree murder, carrying a firearm on a public street, and possessing an instrument of a crime. He was sentenced to life in prison. After the conviction was affirmed on direct appeal, Braswell filed a petition pursuant to Pennsylvania's Post-Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. Ann. §§ 9541-9546. Braswell asserted in his PCRA petition that he was not the shooter, and he argued that his trial counsel was ineffective for failing to, inter alia, (1) call two alibi witnesses, Demetrius Tilley and Kyle Lloyd; (2) move to suppress certain trial testimony; and (3) object to factual misrepresentations in the prosecutor's closing argument. Braswell also asserted that the Commonwealth withheld exculpatory evidence in violation of Brady v. Maryland, 373 U.S. 83 (1963). The PCRA court denied the petition after an evidentiary hearing; the Superior Court affirmed; and the Pennsylvania Supreme Court denied allocatur.

In his pending habeas petition and later-filed supplemental memorandum, Braswell reasserts the above-referenced ineffectiveness and Brady claims, and also asserts a claim of prosecutorial misconduct. Magistrate Judge Wells recommends that we (1) deny the ineffectiveness claim concerning alibi witnesses as reasonably rejected by the state court, (2) dismiss the prosecutorial misconduct claim as unexhausted and procedurally defaulted, and (3) dismiss the three remaining claims as untimely because they were first asserted in the supplemental

  2. The Report and Recommendation of Magistrate Judge Wells is **APPROVED** and **ADOPTED**.

---

memorandum, which Braswell filed beyond the one-year limitations period in 28 U.S.C. § 2244(d). Braswell objects to all of these recommendations. In reviewing the objections, we "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).

 Petitioner first argues that the state court's rejection of his ineffectiveness claim grounded on counsel's failure to call alibi witnesses Tilley and Lloyd was an unreasonable application of Strickland v. Washington, 466 U.S. 668 (1984), because it rested on an unreasonable determination of the facts. See 28 U.S.C. § 2254(d)(2). In order to resolve this ineffectiveness claim, the PCRA court held an evidentiary hearing and heard testimony from Braswell, his two trial attorneys, Tilley, and Lloyd. Primary trial counsel testified that Braswell did not tell him prior to trial that there were any potential alibi witnesses. (N.T. 6/17/2022, Docket No. 14-7, at 148-149, 157.) Counsel nevertheless interviewed both Tilley and Lloyd based on information that they had been with Petitioner at some point that evening. (Id. at 169-70.) According to counsel, neither Tilley nor Lloyd could provide any relevant information about the shooting, much less information that would support an alibi defense. (Id. at 149-50, 171-72.) Counsel further testified that both individuals asked what they could say to help Braswell, suggesting their willingness to commit perjury. (Id. at 172-73.) In contrast, Tilley and Lloyd testified that when the gunshots began, they were with Braswell outside the River Deck Club, not at the site of the shooting. (Id. at 14-16, 54-56.) They further testified that they told these facts to Braswell's counsel and/or his associate prior to trial but were never called to testify at trial. (Id. at 19-20, 39, 56-59.)

 In weighing the respective credibility of the witnesses, the PCRA court observed that Tilley's and Lloyd's purported alibi testimony was contradicted by four witnesses, all of whom identified Braswell as the shooter. (PCRA Op., Docket No. 14-3, at 20.) It also observed that Tilley's and Lloyd's testimony that they were with Braswell directly outside of the River Deck club when the shooting began was not even consistent with Braswell's own hearing testimony that he, Tilley, and Lloyd were in a parking lot across the street from the shooting when the first shots rang out. (Id.) Finding primary trial counsel's testimony to be credible and declining to credit Tilley's and Lloyd's testimony, the PCRA court concluded that Braswell had failed to present credible evidence that counsel knew that Tilley and Lloyd were alibi witnesses, and also concluded that counsel "properly refused to suborn perjury" by calling Tilley and Lloyd as witnesses at trial. (Id. at 17.) Accordingly, the PCRA court rejected Braswell's claim that counsel was ineffective in failing to call Tilley and Lloyd at trial.

 In her Report and Recommendation, Magistrate Judge Wells recommends that the PCRA court reasonably concluded that Braswell could not prevail on this ineffective assistance of counsel claim because the evidence demonstrated that trial counsel performed reasonably by interviewing Tilley and Lloyd and then refusing to let them commit perjury. (R&R at 12-13); see Strickland, 466 U.S. at 688 (requiring petitioner seeking to prove ineffective assistance of counsel to show that counsel's representation "fell below an objective standard of reasonableness"). In his Objections, Braswell urges us to reject this recommendation and to conclude instead that the record as a whole demonstrates that Tilley and Lloyd were credible alibi witnesses who counsel should have called at trial.

    3.       The Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 is **DENIED**.

    4.       As Petitioner has not made a substantial showing of the denial of a constitutional

---

When considering whether a state court has unreasonably determined facts, we must give substantial deference to the state court's factual determinations, presuming them to be correct, and requiring petitioner to disprove them with clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Indeed, "a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless [it is] objectively unreasonable in light of the evidence presented in the state-court proceeding." Miller-El v. Cockrell, 537 U.S. 322, 340 (2003) (citations omitted). Here, Braswell essentially argues that it was objectively unreasonable for the PCRA court to find Tilley's and Lloyd's hearing testimony to be incredible because both individuals had "clean records" whereas other trial witnesses who implicated Braswell in the shooting did not. (Pet'r's Objs. at 1.) However, the PCRA court amply explained its decision not to credit Tilley's and Lloyd's testimony, and the mere fact that Tilley and Lloyd did not have criminal records does not undermine that decision, much less constitute clear and convincing evidence that the credibility determinations were wrong. We thus reject Braswell's contention that the PCRA court rejected his ineffectiveness claim based on an objectively unreasonable credibility determination, and we overrule his objection to the Magistrate Judge's recommendation concerning that claim.

Braswell also objects to the Magistrate Judge's recommendation that the remaining claims in his habeas petition are either untimely or unexhausted, arguing that the Magistrate Judge failed to consider evidence that he is actually innocent of the crimes charged and that he should therefore be excused from the time limitations and exhaustion requirements. "A petitioner who is asserting his 'actual innocence of the underlying crime . . . must show "it is more likely than not that no reasonable juror would have convicted him in light of the new evidence" presented in his habeas petition.'" Hubbard v. Pinchak, 378 F.3d 333, 339 (3d Cir. 2004) (alteration in original) (quoting Calderon v. Thompson, 523 U.S. 538, 559 (1998)). Here, the only "new" evidence in connection with Petitioner's habeas petition are affidavits and testimony from Tilley and Lloyd, the content of which the PCRA court did not credit. Other evidence to which Braswell points, e.g., that (1) the firearm was never recovered, (2) a witness stated that the shooter wore tan pants and Braswell was wearing jeans, and (3) Braswell had no gunshot residue on him (see N.T 6/17/2022, at 156-57), was presented to the jury at trial and was insufficient to convince the jury to find him not guilty. Accordingly, Braswell has not met his burden of establishing actual innocence that relieves him of the timeliness and exhaustion requirements. We therefore overrule his Objection to the Magistrate Judge's recommendation that his remaining habeas claims are either untimely or procedurally defaulted. For all of these reasons, we overrule Braswell's Objections in their entirety, and we approve and adopt the R&R.

3

right or demonstrated that a reasonable jurist would debate the correctness of this ruling, the Court declines to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2).

BY THE COURT:

/s/ John R. Padova, J.

John R. Padova, J.